**VALDISERRI et, Plaintiff-Appellants, v. FLOYD et, Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 701. Decided March 28, 1952.

T. A. Billingsley, Greenville, for plaintiff-appellants.
Spidel, Staley & Hole, Greenville, for defendants-appellees.

**OPINION**

By THE COURT:

This appeal is on questions of law from the judgment or the Common Pleas Court of Darke County in an action for the recovery of damages by reason of certain alleged false representations made by the defendants at the time of the execution of a written contract whereby the defendants sold to the plaintiffs a business known as "The International Chiropractic College," located in Dayton, Ohio.

At the close of the plaintiffs' case, the court sustained a demurrer to the evidence and directed a verdict for the defendants. The appellants contend there was sufficient evidence to go to the jury.

The written agreement provides that the plaintiffs herein expressly agree "that no representation, promise or agreement, not expressed in the foregoing contract has been made." The testimony is to the effect that no representations were made concerning the equipment, contracts with the Veterans Administration or approval of the College by Governmental Agencies. But plaintiffs contend that the written contracts contain representations which were false. Plaintiffs claim that the contracts under which the college received money from the Federal Government for G. I. students were not transferable, and that defendants concealed this fact; that under the contract the defendants represented that sufficient equipment was on hand to operate the college with the approval of the Governmental Agencies.

The evidence shows that no one interested, either the plaintiffs, the defendants or counsel for the college who drew the contract of sale knew that the contracts with the Veterans Administration were not transferable. The plaintiffs did not know what equipment the college possessed and made no inquiry and no representations were made in regard thereto. Also, the contract of sale provides that with respect to contracts with the Veterans Administration, the defendants agreed to assign such "with all the benefits and advantages pertaining thereto, or to which the vendor is or can be entitled in respect to the said business." The contract of sale further provides that with respect to the contracts with the Veterans Administration: "It is expressly understood hereby that the vendor shall not be held liable for any actions taken in respect to said contracts or in respect to said approvals from and after the date of this agreement." Under the evidence presented, these provisions in the contract of sale preclude the assertion of any claim for damages, by reason of the fact that the contracts with the Veterans Administration were not transferable, or that plaintiffs were compelled to purchase additional equipment to secure the approval of Governmental Agencies in order to operate under the contracts with the Veterans Administration.

In our opinion reasonable minds could reach only one conclusion, which was the conclusion of the trial court. We find no error assigned well made.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.